UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

FRANCESCO GALLO,

          Plaintiff,

  -against-                            07 Civ. 6418 (CM)(RLE)

ALITALIA LINEE AEREE ITALIANE, S.p.a.,
Et al.,

          Defendants.

---------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
                4|6|09
```

## DECISION AND ORDER

McMahon, J.:

    (1) Plaintiff's motion to sever Alitalia from this action and to add Compagnia Aerea Italiana, S.p.A. and Air One as parties defendant is denied.

    (2) Defendants' cross motion for a stay of this action is granted, and the action is placed on the court's suspense calendar.

    This action is presently stayed as to Alitalia, the national airline of Italy and plaintiff's former employer. Alitalia has gone into bankruptcy in Italy, and a related Chapter 15 proceeding has been pending in this district for the last four months.[1] The case had been noticed for trial as against the other defendants.

    Plaintiff moved to lift the automatic stay in the Bankruptcy Court on February 27, 2009, so the trial could go forward against all parties. On March 25, 2009, in a bench ruling, Judge Lifland denied that motion. In that order, the learned Bankruptcy Judge found that Alitalia was a necessary party to the continuation of the instant lawsuit.

    Plaintiff's motion to sever was occasioned by the possibility that Judge Lifland would decided (as he did) not to lift the automatic stay. Plaintiff wishes to proceed to trial against the

---

[1] Alitlia filed for bankruptcy in Rome on August 29, 2008, and for Chapter 15 protection here in the United States on October 29, 2008. This court was unaware of Alitalia's bankruptcy filing on November 5, 2008, when it issued a decision and order granting in part and denying in part defendants' motion for summary judgment. However, the Bankruptcy Court did not grant the Chapter 15 petition until December 4, 2008, which is the date the automatic stay went into effect.

individual defendants (Galli and Libutti), against whom several claims remain pending. The qusetion for this court is whether allowing that aspect of the case to proceed to trial would effectively run afoul of the Bankruptcy Court's stay. I conclude that it would.

Severance is not a feasible option, because proceeding to trial against former Alitalia employees will directly affects the airline's interest, and so will not extricate Alitalia from this lawsuit. For one thing, Alitalia has indemnified the Individual Defendants, so it is really Alitalia's assets that are on the line. Second, because some of the claims against the Individual Defendants (the so-called aiding and abetting claims under New York's Executive Law § 296(6)) are purely derivative of Alitalia's liability, this case cannot be tried against the Individual Defendants without making a determination about whether Alitalia violated the antidiscrimination laws. Even the claim of defamation against Libutti is inextricably intertwined with the corresponding claim against Alitalia. I agree with Judge Lifland's conclusion that Alitalia's presence is necessary to any resolution of this case, including a resolution against the individual Defendants.

In view of the foregoing, the open question – whether to proceed to trial against the two Individual Defendants, as against whom there is no bankruptcy stay – answers itself. There is no practical way to try the New York "aiding and abetting" claims without involving Alitalia in the trial. But it would violate the automatic stay if Alitalia were forced to participate in an imminent trial. So while in the usual course a Section 362(a) stay applies only to bar proceedings against the debtor, in this case the entire action needs to be stayed as against all three parties defendant.

Plaintiff has filed a claim in the Bankruptcy Court in the amount of $10 million. If an adversary proceeding is filed, Alitalia's liability to plaintiff – an unsecured creditor – will be determined in that proceeding.

As far as the motion to add additional parties is concerned, it is denied. Plaintiff is clearly looking for a deep pocket in lieu of Alitalia that might fund a substantial judgment. His counsel asserts that the proposed new parties defendant are a "mere continuation" of Alitalia and are liable as successors to Alitalia. Counsel also urges that proposed new defendant CAI should be added to this action because it has purchased Alitalia's debts. Plaintiff offers no evidence to support these assertions, other than an obviously inadmissible news article that was downloaded from an Internet site that (ironically) actually contradicts plaintiff's theory that CAI assumed any debt Alitalia might have incurred to Gallo.

The conclusory assertions of plaintiff's attorney are entitled to no weight and are accorded none. For utter failure of proof, the motion for leave to add new parties when the case stands ready for trial is denied.

This constitutes the decision and order of the court.

The case is removed from the court's trial calendar. The Clerk of the Court is directed to place this action on the court's suspense calendar pending Alitalia's emergence from bankruptcy. Counsel for defendants shall report the progress of the bankruptcy to this court every six months.

Dated: April 6, 2009

                                                    U.S.D.J.

BY ECF TO ALL COUNSEL